UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　Case No.: 8:20-cr-134-T-33AEP

DEVON COHEN
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Devon Cohen's Motion for Revocation of Detention Order (Doc. # 14), filed on March 27, 2020, which seeks revocation of the pretrial detention order (Doc. # 10) entered by United States Magistrate Judge Anthony E. Porcelli on March 23, 2020. The United States of America responded on April 3, 2020. (Doc. # 18). For the reasons that follow, the Motion is denied.

**I.　Legal Standard**

**A.　Section 3145(b)**

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order" and the Court should rule on the motion "promptly." 18 U.S.C. § 3145(b). "[I]n this situation, the district court must conduct an independent review to determine whether the

1

magistrate properly found that pretrial detention is necessary." United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). This "independent review" is de novo. See United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987)("[W]e affirm the district court's denial of Gaviria's and Echeverry's request for a de novo hearing because the district court properly afforded de novo review of the magistrate's detention order.").

"At this point, the district court has two options." King, 849 F.2d at 490. "First, based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." Id. "The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention." Id.

Still, "the district court is to enter its own findings of fact where factual issues remain to be resolved." Id. But "when a motion to revoke or amend a pretrial detention order attacks only the magistrate's legal conclusion that pretrial

2

detention is necessary, and no factual issues remain unresolved, the district court need not enter findings of fact when adopting the magistrate's pretrial detention order." Id.

The second option allows the Court to acquire more evidence to make its detention determination. "If the district court, after reviewing the detainee's motion, determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes." Id. "In this instance, the district court must enter written factual findings and written reasons supporting its decision." Id.

"Of course, if the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." Id. at 490-91.

B. **Factors Considered**

Section 3142 specifies that the "judicial officer" — here it was the Magistrate Judge — should "hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the

3

safety of any other person and the community." 18 U.S.C. § 3142(f).

Under Section 3142, there are multiple factors for the Court to consider in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## II. Discussion

The only factor Cohen addresses in his Motion is the weight of the evidence against him for this felon in possession of a firearm charge. (Doc. # 14 at 5). Even regarding this factor, Cohen barely raises any argument. He merely asserts that this is the least important factor because he is presumed innocent and that evidence of a serious crime alone is insufficient to support a finding of risk of flight. (Id.); see also United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985)("[T]he weight of the evidence is the least important of the various factors."); United States v. Friedman, 837 F.2d 48, 50 (2d Cir. 1988)("[W]e have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight.").

Cohen makes no argument regarding the nature and circumstances of the offense charged, his history and characteristics, or the nature and seriousness of the danger to the community. Nor does he point to any unresolved factual issues.

Thus, it seems Cohen is only challenging the Magistrate Judge's legal conclusion that detention was appropriate.

Therefore, the Court can follow the first option for handling this Motion: independently review the pleadings and the evidence that was presented to the Magistrate Judge and — if appropriate — adopt the Magistrate Judge's pretrial detention order without holding a hearing or entering additional findings of fact. See United States v. Ensley, No. 1:12-MJ-1460-LTW, 2012 WL 5463899, at *1 (N.D. Ga. Nov. 8, 2012)("In conducting this de novo review, a hearing is not required and the district court may rely entirely on the pleadings and the evidence developed at the magistrate's detention hearing, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing.").

Upon independent review of the Motion, the United States' response, the audio of the detention hearing held before the Magistrate Judge (Doc. # 19), the Magistrate Judge's pretrial detention order, and the pretrial bail report (Doc. # 15), the Court agrees with the Magistrate Judge that clear and convincing evidence establishes "there are no conditions available to the Court that will assure that [Cohen] is not a risk of flight or a danger to the community." (Doc. # 10 at 1). The Court is especially troubled by a few facts. First, Cohen has eleven prior felony convictions, including a 2008 conviction for fleeing to elude high speed.

6

(Doc. # 18 at 1-2). Second, Cohen was awaiting trial on charges of theft, possession of drug paraphernalia, and possession of marijuana at the time of the instant offense. (Id. at 7). Finally, ballistics testing revealed that the firearm Cohen was arrested for possessing — and that he admitted possessing post-Miranda — was used during two shootings in February and May 2019. (Id. at 5).

These facts, and others explained on the record during the detention hearing and in the United States' response, satisfy the Court by clear and convincing evidence that Cohen presents a grave risk of flight and danger to the community such that he should be detained pending trial. See, e.g., United States v. Lett, No. 3:18-CR-161-WKW, 2018 WL 3023097, at *2 (M.D. Ala. June 18, 2018)("The offense charged involves a firearm, and the weight of the evidence against Defendant is substantial. Admittedly, his physical and mental condition does not raise significant concerns, and his family ties, employment as a barber, length of residence in the community, and community ties arguably weigh in his favor. But Defendant's extensive criminal history spanning nearly two decades — which includes multiple drug convictions, multiple probation violations, and multiple failures to appear — demonstrates his disrespect for the law and weighs strongly

against him. The conduct underlying the current offense in conjunction with Defendant's past criminal conduct — which also includes multiple convictions for burglary and various forms of theft and a pending domestic violence charge — raise serious concerns about the danger to the community that would be posed by Defendant's release." (citations omitted)); United States v. Ligon, No. 3:18-CR-489-WKW, 2019 WL 2526313, at *1–2 (M.D. Ala. June 19, 2019)(denying motion to revoke detention order in a felon in possession of a firearm case and holding that the Magistrate Judge's factual findings and legal conclusions were correct where the evidence against defendant was strong, defendant had a prior felony conviction, and he had "repeatedly failed to report to his probation officer and abide by court-imposed conditions while under state-court supervision" (citation omitted)).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Devon Cohen's Motion for Revocation of Detention Order (Doc. # 14) is **DENIED**. Upon de novo review of the record, the Court adopts the Magistrate Judge's pretrial detention order. (Doc. # 10).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of April, 2020.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE