UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:20-cr-134-T-60AEP

DEVON COHEN,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS"

This matter is before the Court on Defendant Devon Cohen's "Motion to Suppress," filed by counsel on August 11, 2020. (Doc. 47). On August 26, 2020, the United States of America filed a response in opposition to the motion. (Doc. 51). On September 1, 2020, Defendant filed a reply. (Doc. 57). The Court held a suppression hearing on October 14, 2020. (Doc. 65). After reviewing the motion, response, reply, testimony, evidence, legal arguments, court file, and the record, the Court finds as follows:

### Background

The facts are uncontested. On February 16, 2020, law enforcement officers observed a vehicle run two stop signs. Defendant, the driver and sole occupant of the vehicle, pulled into the parking lot at the Oakhurst apartment complex. After Defendant got out of the car, the officers ordered him to get back in the vehicle, but he refused and began to walk away. The officers ordered him to stop, but he continued to walk away. The officers then placed Defendant under arrest for resisting without

violence. After the officers ran Defendant's license, they determined that his license was suspended.

The officers also determined that the vehicle was registered to Enterprise Rent-A-Car ("Enterprise"), so they called a tow truck to have the vehicle towed to Enterprise. Prior to towing, the officers conducted an inventory search of the vehicle and located a firearm in the center console. After he was advised of his *Miranda* rights, Defendant admitted that he knew the gun was there. He was also arrested for felon in possession of a firearm. The State of Florida dismissed all charges against Defendant when the United States Attorney's Office indicted him for the instant offense.

In his motion, Defendant does not challenge the legality of the traffic stop. Rather, he argues that the inventory search conducted by the officers was not legally justified under the facts and circumstances of this case, so the evidence obtained as a result of the search – namely, the firearm – should be suppressed. The United States contends that Defendant does not have standing to challenge the search because he was driving a rental car without a valid driver's license. The Government additionally argues that even if Defendant had standing to challenge the automobile search, the officers conducted a lawful inventory search.

## Analysis

"The Fourth Amendment protects individuals from unreasonable search and seizure." *United States v. Holt*, 777 F.3d 1234, 1256 (11th Cir. 2015); *see* U.S. Const. amend. IV. "Fourth Amendment rights . . . are personal, and only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the

validity of a government search." *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (citing *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978)).  A defendant bears the burden of establishing a legitimate expectation of privacy in the areas searched. *United States v. Sarda-Villa*, 760 F.2d 1232, 1235 (11th Cir. 1985) (citing *Rakas*, 439 U.S. at 128, 130 n.1).

The United States Supreme Court has held that "the mere fact that a driver in lawful possession or control of a rental car is not listed on the rental agreement will not defeat his or her otherwise reasonable expectation of privacy." *Byrd v. United States*, 138 S.Ct. 1518, 1531 (2018).  However, the *Byrd* Court did not address whether an *unlicensed* driver has a reasonable expectation of privacy that confers standing to challenge a search.  Different circuits have reached different conclusions on this issue. The Second Circuit has held that an unlicensed, unauthorized driver of a rental car does not have standing to challenge a search.  *United States v. Lyle*, 919 F.3d 716, 729 (2d Cir. 2019). The Eighth Circuit, on the other hand, has concluded that an individual driving a rental car with a suspended license has a reasonable expectation of privacy in that vehicle.  *United States v. Bettis*, 946 F.3d 1024, 1029 (8th Cir. 2020).

In this case, it is uncontested that Defendant's driver's license was suspended on January 26, 2017, and he was therefore driving with a suspended license at the time of his arrest.  (Doc. 66-1).  It is also uncontested that Defendant was not listed as an additional driver on the rental agreement.  (Doc. 66-2). Ms. Regina Brewer, the mother of Defendant's girlfriend, testified at the suppression hearing that she had rented the vehicle and gave Defendant permission to use the car.  The Court finds her credible and has no reason to doubt her testimony.

Because the Eleventh Circuit has not yet addressed this issue, the Court has carefully considered the reasoning of the *Lyle* and *Bettis* cases and concludes, in line with the Second Circuit, that the unlicensed driver of a rental car should have no reasonable expectation of privacy in the vehicle, and therefore does not have standing to challenge a search. As such, Defendant, an unlicensed driver, has no standing to challenge the search in this case.

However, even if Defendant had standing, the Court finds that the officers lawfully searched the automobile. Defendant was the driver and the sole occupant of the vehicle. Because there was no third party immediately available to entrust with the automobile's safekeeping, the officers could not be certain how long the rental car would remain unattended. Even if Defendant was not in custody for particularly long, he would not have been able to operate the rental car upon his release due to his suspended license. As such, the officers had the vehicle towed to Enterprise (the owner), in conformance with Tampa Police Department's standardized policies and procedures. By doing so, the officers ensured that the rental vehicle was not left in a private apartment parking lot where it could have become a nuisance, could have been stolen or damaged, or could have become illegally parked at the end of the day.

Although there may have been other things the officers could have done – such as leaving the vehicle in the parking lot, seeking the renter's information to request that she retrieve the vehicle, or giving custody of the car to Defendant's cousin who lived at the apartment complex – the police were not required to do any of those

things.[1]  Moreover, there is no evidence that the officers did not act in good faith or acted solely for the purpose of investigation by exercising their discretion to have the rental car towed to Enterprise, its rightful owner.

The touchstone of the Fourth Amendment is reasonableness.  *See, e.g., Lyle*, 919 F.3d at 730-31.  The officers in this matter acted reasonably.  Their search was a commonsense precaution to protect the vehicle and its contents, and themselves, from allegations of damage or theft.  Although the vehicle was not directly impounded by the police, the decision to tow it to Enterprise was made pursuant to standardized policies and procedures, and the inventory search prior to towing the vehicle was reasonable under the totality of the circumstances.  Consequently, Defendant's "Motion to Suppress" is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>21st</u> day of October, 2020.

 

                               **TOM BARBER**
                               **UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that at the suppression hearing, the defense did not present any evidence or testimony to establish that Defendant actually made any requests similar to the examples listed in the motion.